IN THE SUPREME COURT OF THE STATE OF DELAWARE

MAURICE J. WILLIAMS, § 
§ 
    Defendant Below, § No. 587, 2016
    Appellant, § 
§ Court Below—Superior Court
    v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 9901005150
§ 
    Plaintiff Below, § 
    Appellee. § 

Submitted: March 7, 2017
Decided: April 18, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 18th day of April 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Maurice J. Williams, filed this appeal from the Superior Court's summary dismissal of his motion for postconviction relief under Superior Court Criminal Rule 61.[1] The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Williams' opening brief that his appeal is without merit. We agree and affirm.

---

[1] *State v. Williams*, 2016 WL 6837741 (Del. Nov. 21, 2016).

(2)     In April 1999, Williams pled guilty to Burglary in the Second Degree and Robbery in the Second Degree in Criminal ID No. 9901005150.  Williams was sentenced as follows: (i) for Burglary in the Second Degree, eight mandatory years of Level V incarceration under 11 *Del. C.* § 4204(k); and (ii) for Robbery in the Second Degree, five years of Level V incarceration, suspended after four mandatory years under Section 4204(k) for one year of Level IV Halfway House.  On January 28, 2010, the Superior Court corrected the Robbery in the Second Degree sentence to remove the Section 4204(k) requirement and to suspend the Level V portion of the sentence immediately for the balance to be served at Level IV Halfway House.

(3)     After Williams left the Level IV correctional center on a pass and did not return, he was charged with a violation of probation in Criminal ID No. 9901005150 and indicted for Escape After Conviction in Criminal ID No. 1011002501.   The Superior Court found Williams violated his probation and sentenced him to two years of Level V incarceration.  This Court affirmed the Superior Court's judgment on direct appeal.[2]

(4)     In Criminal ID No. 1011002501, a Superior Court jury found Williams guilty of Escape After Conviction. Williams was sentenced, as a habitual offender under 11 *Del. C.*§ 4214(a), to eight years of Level V incarceration,

---

[2] *Williams v. State*, 2012 WL 2914041 (Del. July 16, 2012).

followed by six months of Level IV Work Release. This Court affirmed the Superior Court's judgment on direct appeal.[3]

(5) On November 3, 2016, Williams filed his first motion for postconviction relief under Rule 61 in Criminal ID No. 9901005150. Although Williams filed the motion in Criminal ID No. 9901005150, he challenged his conviction for Escape After Conviction in Criminal ID No. 1011002501. The Superior Court summarily dismissed Williams' motion for postconviction relief.[4] This appeal followed.

(6) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[5] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[6] Williams argues, as he did below, that he could not be convicted of Escape After Conviction in Criminal ID No. 1011002501 because he was serving an illegal Level IV sentence in Criminal ID No. 9901005150 when he left the Level IV correctional center.

(7) As an initial matter, we note that Williams filed his motion for postconviction relief in the wrong criminal case. Because Williams challenged his conviction for Escape After Conviction in Criminal ID No. 1011002501, he should

---

[3] *Williams v. State*, 2014 WL 708445 (Del. Feb. 19, 2014).
[4] *State v. Williams*, 2016 WL 6837741 (Del. Nov. 21, 2016).
[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

have filed his motion for postconviction relief in that case, not Criminal ID No. 9901005150. In any event, Williams' motion for postconviction relief was procedurally barred under Rule 61.

(8) Under Rule 61(i)(1), a movant may not file a motion for postconviction relief more than one year after the judgment of conviction is final. Williams filed his motion for postconviction relief on November 3, 2016, more than one year after his conviction in Criminal ID No. 1011002501 became final on March 7, 2014 (the date of the issuance of the mandate in *Williams v. State*, 2014 WL 708445 (Del. Feb. 19, 2014).[7] Rule 61(i)(1) does not apply to a claim that the Superior Court lacked jurisdiction or a claim that satisfies the pleading requirements of Rule 61(d)(2).[8] A movant meets the pleading requirements of Rule 61(d)(2) if he pleads with particularity new evidence that creates a strong inference of actual innocence[9] or a new rule of constitutional law, made retroactive on collateral review, that renders his conviction invalid.[10] Williams failed to plead a claim meeting any of these requirements. The Superior Court did not err therefore in denying his motion for postconviction relief.

---

[7] Super. Ct. Crim. R. 61(m)(2) (providing that a judgment of conviction becomes final upon the issuance of a mandate or order finally determining the case on direct review when the defendant files a direct appeal).
[8] Super. Ct. Crim. R. 61(i)(5).
[9] Super. Ct. Crim. 61(d)(2)(i).
[10] Super. Ct. Crim. 61(d)(2)(ii).

(9) We note that Williams has unsuccessfully argued multiple times that his modified sentence in Criminal ID No. 9901005150 was illegal.[11] We warn Williams that if he continues to file appeals from untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court. We also warn Williams to be mindful of Rule 61(j).[12]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[11] *See, e.g., Williams v. State*, 2014 WL 5020247, at *2 (Del. Oct. 7, 2014) (affirming Superior Court's denial of Williams' petition for a writ of habeas corpus based on his claim that his detention was illegal because the 2010 modified sentence was illegal); *Williams v. State*, 2012 WL 4663065, at *2 (Del. Oct. 2, 2012) (affirming Superior Court's denial of Williams' motion for correction of his 2010 modified sentence); *Williams v. State*, 2012 WL 2914041, at *2-3 (Del. July 16, 2012) (rejecting Williams' claim that he could not have violated his probation because his 2010 modified sentence was illegal).

[12] Del. Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").